**DIEFFENBAUGH v. COOK et al.**

No. 333.

District Court, N. D. Indiana, South Bend Division.

Nov. 11, 1942.

---

646

Arnold, Degnan, Dohnalek & Goheen, of South Bend, Ind., for plaintiff.

David Ginsburg, Gen. Counsel, Brunson MacChesney, Asst. Gen. Counsel, and Talbot Smith, Chief, Civil Litigation Branch, all of Washington, D. C., and Reymont Paul, Chief Atty., South Bend Defense Rental Area, of South Bend., Ind., for defendants.

SLICK, District Judge.

Plaintiff brings this suit against Norman J. Cook and Esther M. Cook, as lessees, Carl L. Hibberd, as Rent Director in the South Bend Defense-Rental Area, and Leon Henderson, Price Administrator. Defendant Henderson has been dismissed out of the case. The suit asked for a declaratory judgment and involves the validity of Section 204(d) of the Emergency Price Control Act of 1942, 50. U.S.C.A.Appendix § 924(d). The Emergency Price Control Act sets up an Emergency Court of Appeals and among other things provides that no other court, Federal, State, or Terri-

torial shall have jurisdiction to consider the validity of an order or regulation, or to stay, restrain, enjoin or set aside any of the provisions of the Act.

The Constitution provides that the judicial power of the United States is vested in a Supreme Court and in such inferior courts as may be ordained and established from time to time.

Congress has ordained and established an Emergency Court of Appeals to which a litigant is privileged to appeal from any action of the Administrator of the Emergency Price Control Act and the litigant may appeal from a decision of the Emergency Court of Appeals directly to the Supreme Court. Thus the litigant is given the right, under the Act, to appeal to the only court created by the Constitution, the Supreme Court. Whether it were better to provide this procedure or allow a litigant to bring his action in the District Court already created, is beside the question. The fact remains that Congress, in its wisdom has created the Emergency Court of Appeals to consider and decide questions arising under the Act, the Emergency Price Control Act. Congress has provided that no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any order, or to restrain or enjoin any action or order issued under the authority of the said Act. These words are plain and unequivocal and I believe were intended to deny in toto jurisdiction of any and all courts save and except the Emergency Court of Appeals set up by the Act and the Supreme Court.

I am further of the opinion that it was within the power of Congress to withhold jurisdiction from this and all other Federal Courts and I am fortified in this opinion by the decision in the District Court of the United States for the District of Kansas, Second Division, of Henderson, Administrator, Office of Price Administration, v. Temperance Kimmel, 47 F. Supp. 635, decided by a three-judge court in which the court said, "The power of Congress to take jurisdiction over these matters away from the District Courts and vest it in the Emergency Court of Appeals and the Supreme Court cannot be doubted. The inferior Federal courts are creatures of Congress. They can exercise only such jurisdiction as Congress confers

upon them. Congress, in its unfettered discretion, may withhold or take away their jurisdiction."

Congress having done so, this court bowing to the expressed will of Congress must dismiss this action and it is so ordered.