**BROWN, Administrator, Office of Price Administration, v. WICK et al.**

**No. 3624.**

District Court, E. D. Michigan, S. D.

Feb. 19, 1943.

Henry R. Bishop, Carleton H. McIntyre, and John Hird, all of Detroit, Mich., for plaintiff.

Austin G. Van Hove, of Northville, Mich., for defendants.

LEDERLE, District Judge.

### Findings of Fact.

1. On December 28, 1942, complaint was filed herein in accordance with the provisions of Section 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 925(a), to enjoin acts and practices of the defendants in this District allegedly constituting violations of said Act. An order to show cause why such injunction should not issue, coupled with a temporary restraining order, was issued.

On January 9, 1943, defendants appeared specially and moved to dismiss, claiming said Price Control Act was unconstitutional in that it delegated legislative functions to the Price Administrator. This motion was heard and overruled on February 15, 1943, and the temporary injunction continued in force. In accordance with the request of defendants' counsel and the mandates of Rule 65(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c and 50 U.S.C.A. Appendix § 925(c), for a speedy determination on the merits, trial was set for February 18, 1943. At the opening of the trial defendants Wick and Campbell filed their joint answer, in which they admitted substantially all the factual allegations of the complaint, basing their defense squarely on the unconstitutionality of the legislation and regulations in question.

2. Defendant Henry Wick and wife are the owners of premises known as 529 Horton Avenue, in the Village of Northville, Wayne County, Michigan. Defendant Del Campbell is a Justice of the Peace of Northville Township, Michigan. On November 3, 1942, defendant Wick allegedly entered into a preliminary agreement to sell these premises to· one Albert J. Bolton, sale to be consummated upon certification of abstract of title showing marketable title. On November 2, 1942, defendant Wick served a thirty-day notice to terminate the tenancy of one Goodale, then in possession of the premises on a month to month term. The tenant did not comply with the notice to vacate, and thereupon defendant Wick filed in the court of defendant Campbell a complaint to recover possession. On December 17, 1942, the Office of Price Administration served written notice upon defendant Campbell that the eviction proceedings violated the Price Control Act because of non-compliance with regulations under Maximum Rent Regulation No. 11, Section 6, as amended, for this area, requiring that preliminary notices of institution of proceedings and application for purchaser's certificate be filed with the Office of Price Administration as conditions precedent to action to evict a tenant in this area. Again on December 22, 1942, the Office of Price Administration notified defendant Campbell of such violations and improper attempt to evict, at which time defendant Campbell stated that he had no intention of complying with the Act and intended to

ignore any objections made by the Office of Price Administration because the Act was unconstitutional and had no application to his court. On December 23, 1942, defendant Campbell purportedly entered judgment for possession of said premises in favor of the landlord against the tenant, and directed that a writ of restitution should issue December 29, 1942.

3. By their joint answer and by stipulation entered into in open court both of the defendants admit that they have not complied with the provisions of the Emergency Price Control Act relating "to renting or leasing practices · (including practices relating to recovery of possession) in connection with defense area housing accommodations," for the reason that they claim this act is unconstitutional.

4. The tenant is still in possession of the premises as required by the temporary restraining orders entered herein.

5. At the close of the trial defendants renewed their motion to dismiss, adding as a reason therefor the bare conclusion that the Administrator had not proceeded properly in arriving at his decision to fix price ceilings and regulate rents.

### Conclusions of Law.

1. The only question raised by the pleadings and proofs in this case is the constitutionality of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901, et seq. This Act is constitutional and binding upon these defendants, and the purported judgment of eviction entered by defendant Campbell is void. Henderson v. Kimmel, D.C., Kan., 47 F. Supp. 635; Dieffenbaugh v. Cook, et al., D.C., Ind., 47 F.Supp. 645.

2. The acts and practices of the defendants in attempting to evict a tenant without complying with said Act and regulations promulgated thereunder are unlawful and constitute violations of said Act. 50 U.S.C.A.Appendix § 904(a).

3. This court has jurisdiction to restrain such acts and practices. 50 U.S.C.A. Appendix §§ 925(a) and (c).

4. A judgment shall be entered herein for the plaintiff, ordering that the temporary injunction be made permanent.