**BROWN, Adm'r, Office of Price Administration, v. WYATT FOOD STORES, Inc.**
**Civil Action No. 779.**

District Court, N. D. Texas,
Dallas Division.
March 8, 1943.

W. B. Harrell and Talbot Smith, Regional Atty., Office of Price Administration, both of Dallas, Tex., for plaintiff.

Paul Carrington, of Dallas, Tex., for defendant.

ATWELL, District Judge.

The Emergency Price Control Act of 1942, 56 Stat. 23, Act of January 30, 1942, 50 U.S.C.A.Appendix § 902, authorizes the price Administrator, to establish such maximum price, or prices, as in his judgment will be "generally fair and equitable" and will effectuate the purposes of the Act. This might be termed legislation by an executive officer.

This particular section, 902, Title 50 U.S. C.A.Appendix, contains a great many directions to him as to the procedure which he shall follow.

Such regulations shall not be used, nor made to operate to compel changes in the business practices, cost practices, or methods, or means, or aid to distribution, established in any industry, except to prevent circumvention, or evasion of any regulation of the Act (Sub-division h).

Any person may within sixty days after the issuance of any regulation, file a protest setting forth objections. Explicit directions are given as to the manner of its preparation, its hearing and disposition. If the protest is denied in whole, or part, the protestant may file a complaint with the Emergency Court of Appeals, therein created, and sitting at Washington. Definite directions are given for the preparation of the appeal and for its final disposition.

If the complainant establishes to the satisfaction of that court that the regulation, order, or price schedule, is not in accordance with law, or "is arbitrary or capricious," it may be enjoined or set aside, either in part or entirely. If the protestant loses in his contest before that court, an appeal may be taken to the Supreme court.

The Act then states that "except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision." Sec. 204(924).

Sec. 205 (Sec. 925) of the Act provides that the Administrator may make application to the appropriate court (meaning state or national) for an order enjoining such acts or practices of any person who is about to violate any of the provisions of the Act, "or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

There is no attempt in the Act to circumscribe the citizen's right to raise the question of the unconstitutionality of the Act. Clearly, the Act is constitutional, but, also clearly, the citizen would have a right to question it.

Art. 1, paragraph 8 of the Constitution declares that: "The Congress shall have Power * * * To declare War * * *, To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, * * *." This power is almost limitless. United States v. Macintosh, 283 U.S. 605–624, 51 S.Ct. 570, 75 L.Ed. 1302. While the Constitution has the Fifth Amendment, which is for the protection of the citizen, that protection will not work a destruction of the first general war-declaring and war-making provisions.

This review of the Act, though quite abbreviated, brings to the fore such provisions as now interest us and as are applicable to this suit brought by the Administrator against the defendant. The complaint prays for the statutory restraints and as a reason therefor, alleges a number of "violations of regulations."

The defendant shows that it is desirous of obeying the Act, and that if it has been remiss in the manner detailed by the complainant, it is because of unwitting errors on the part of some of its employees, or on the part of the complainant. It also seeks to avoid any restraint by pleading that some of the regulations made by the complainant are unreasonable when applied to a business such as the defendant conducts. That it contests the (1) construction of the regulations, (2) the validity of the regulations, (3) the construction of the statute, (4) the validity of the statute.

To this portion of the answer, the complainant directs a motion to strike. In support of that motion, he contends that this court has no jurisdiction to afford any such relief and calls to his assistance the provisions of the Act which are quoted above and which vest exclusive jurisdiction in the Emergency court and the Supreme court.

There are two roads pointed in this statute. One is for the citizen in his protest, and his remedy. That road leads to the Emergency court at Washington, and to the Supreme court. The other road is for the use of the Administrator. He enters court against the citizen. That court is neither the Emergency court nor the Supreme court. It is any state or national court which has jurisdiction of the controversy. It is the local court. That is the road upon which the parties arrive here. Show cause orders were issued to the defendant at the request of the plaintiff to exhibit to the court any reason he had why he should not be restrained.

The general authority given to the Administrator to make regulations is that they shall be "generally fair and equitable."

The defendant in accepting battle where it was begun by the complainant, does so by stating that the Administrator is seeking to enforce regulations that are not "generally fair and equitable." That there is another provision of the Act which vests "exclusive jurisdiction" in the Emergency and Supreme court to pass upon the "validity" of regulations, and to stay orders made by the Administrator, is not a sufficient answer nor a sufficient program as to what shall take place in and upon this voyage.

Whether the defendant shall get anywhere in its attack upon regulations made by the Administrator for the defendant's business, is beside the question. We do not need to argue that one may not enter court until he has exhausted his Administrative remedy. We all know that. The requirement for such entry is no novelty. United States v. Rock Royal Co-op., 307 U. S. 533, 59 S.Ct. 993, 83 L.Ed. 1446; Opp. Cotton Mills v. Administrator, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 60 S.Ct. 907, 84 L.Ed. 1263; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; United States v. Whittenberg, D.C., 21 F.Supp. 713; United States v. Dixon & Bro., D.C., 36 F.Supp. 147.

But it would be rather disappointing if the sovereign should declare that one of its representatives might enter a court to enforce its decrees against the citizen, and then deprive the citizen of his day in that court to speak against what is being attempted against him. Fleming v. Jacksonville Paper Co., 5 Cir., 128 F.2d 395; Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 80 L.Ed. 1288; Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446.

The procedure of allowing the citizen his day in court upon a suit filed against him, is no guarantee of how he will come out in the litigation. See Henderson v. Kimmel, D.C., 47 F.Supp. 635, three-judge decision from Kansas; Henderson v. Thomas Stores, D.C., 48 F.Supp. 295; Henderson v. Beaird Corp., D.C., 48 F.

Supp. 252; Roach v. Johnson, D.C., 48 F.Supp. 833; Brown v. Wick, D.C., 48 F.Supp. 887; Henderson v. Fleckinger, D.C., 48 F.Supp. 236. It is merely a guarantee that he shall have a fair, square hearing. There can be no decision without a hearing. ' Whether what one of the parties wishes to be heard is admissible, is a bridge that will be crossed when that stream is reached.

We must bear in mind that the litigation as to jurisdiction of other courts to do what the Emergency court and the Supreme court is given power to do, does not limit the trial court upon the second road, to require the Administrator to make out his case before he shall be entitled to restrain the citizen. In the making of that case, the citizen has his rights. He is called into court.

Whether the word "validity" included within the jurisdiction of the Emergency court, is sufficiently broad to deny the citizen the right to insist that the provision of the statute authorizing the making of "fair and equitable" regulations by the Administrator has not been complied with, is somewhat troublesome, but the fair way seems to be to give all portions of the Act effectiveness rather than to destroy any part of it, because of seeming conflict. The only way to give the citizen such right is to preserve his right to plead and to present his testimony and then to determine whether he is correct, or, whether the plaintiff is correct.

One may conceive of such a lack of "equity" as to deny the complainant the restraint he prays, and yet in no way interfere with the "validity" of a regulation.

Upon argument in open court, it was contended that certain errors had been made by the Administrator as to bacon, which he later corrected. That certain errors had been made with reference to tea by itself, and tea with a glass, and that certain mistakes had been made concerning the sales of bread.

That is the sort of inquiry that the court permits under the general idea and the preeminent requisite that a regulation must be "fair and equitable." Equity being the overhead dominant as to both the plaintiff and the defendant in this suit.

Motion to strike is overruled.