**BOWLES, Price Adm'r, v. BONNIE BEE SHOP et al.**

No. 1805.

District Court, W. D. Missouri, W. D.

June 3, 1944.

Dick F. Bennett, Dist. Enforcement Atty., of Kansas City, Mo., and Lambert S. O'Malley, Enforcement Atty., for plaintiff.

Phineas Rosenberg, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant seeks what he designates as an equitable order in this case. It is his contention that the order of the Administrator may be modified by this court and the schedule of prices adjusted so as to do what he believes to be equity. On the other hand counsel for the Administrator questions the jurisdiction of the court to make such an order. This contention requires an examination of the Congressional Act entitled Emergency Price Control Act.

■ 1. By Section 902, Title 50 U.S.C.A. Appendix, the Congress conferred upon the Administrator exclusive authority to establish such "maximum prices as *in his judgment* will be generally fair and equitable."

It will be observed that maximum or ceiling prices to be fixed by the Administrator may be such "as *in his judgment* will be generally fair and equitable" and not the judgment of a court or judge. In order that his judgment might be reviewed in case of protest by an aggrieved person an Emergency Court of Appeals was established for such review. From the latter court, by certiorari the Supreme Court of the United States may exercise jurisdiction to determine whether the prices fixed by the Administrator were in fact "generally fair and equitable." It should be noted that the judgment of the Administrator is controlling until modified or reversed by the Emergency Court of Appeals or by the Supreme Court.

2. By Section 924, Title 50 U.S.C.A. Appendix, referring to the subject of Review, it is particularly provided at the end of paragraph (d) of said section that:

"Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

■ 3. Whatever jurisdiction was conferred upon the district courts is found in paragraph (a), § 925, Title 50 U.S.C.A. Appendix. This subdivision authorizes the Administrator to secure an injunction or an order enjoining violations of his regulation or he may obtain a mandatory injunction compelling compliance with such regulations.

4. Section 904 of said Title makes it unlawful for any person to violate any regulation or order promulgated by the Administrator with respect to price schedules.

5. A careful study of the statute discloses that the district courts are without jurisdiction to do more than enjoin violations of regulatory orders or to enforce compliance with such regulations.

■ It is true that Judge Atwell, in the case of Brown, Administrator, v. Wyatt

Food Stores, D.C., 49 F. Supp. 538, 540, held that a defendant upon an application for an injunction or a mandatory order might challenge "the (1) construction of the regulations, (2) the validity of the regulations, (3) the construction of the statute, (4) the validity of the statute." Such a ruling was made upon a motion to strike out a defensive pleading. Quite clearly if the Administrator should promulgate a regulation beyond the statutory authority its validity could be contested. Moreover, if the Administrator should construe a regulation to mean something beyond its manifest terms, such construction could be challenged. The same is the rule in construing the statute. The validity of the statute, however, has been upheld.

Judge Dawkins, of the Western District of Louisiana, in Bowles v. Sue's Shop, 53 F.Supp. 824, declined to grant a preliminary injunction or restraining order until the case was tried on its merits. He did this for the reason that the defendant had protested that he was not subject to the regulations. Apparently the defendant had established a new business at the same place where a regulation had been promulgated for a prior or former business. It was the thought of the defendant that such regulation was not applicable to him in establishing and carrying on an entirely new business. Judge Dawkins merely delayed an injunction until the applicability of the regulation could be ascertained.

· Judge Trimble of the Eastern District of Arkansas, in Brown, Administrator, v. Southwest Hotels, 50 F.Supp. 147, 150, declined to grant an injunction upon the theory that the defendant was doing its best to comply with the law and that such infractions as it had committed were unwittingly committed and constituted but a small portion of the entire business transacted by the defendant. Under such circumstances Judge Trimble was of the opinion that it would be unjust and hurtful to the defendant's business to grant a preliminary restraining order. It was Judge Trimble's opinion also "that an injunction, restraining order, or mandatory injunction would serve no useful purpose here, and would only be a source of embarrassment to the defendant."

In the instant case it is the contention of the defendant that the order of the Administrator is inequitable and would work a hardship upon him. As heretofore indicated, it is wholly within the judgment of the Administrator as to what maximum prices "will be generally fair and equitable and will effectuate the purpose of this Act." His judgment cannot be questioned by the district court but only by the Emergency Court of Appeals provided for by Section 924, supra, or by the Supreme Court as outlined in said section.

The facts as presented here would not warrant the court in exercising an independent judgment so as to modify in any way the regulation imposed by the Administrator. Accordingly, the injunctive order heretofore granted will be approved and continued as granted.