## UNITED STATES v. CHARNEY.

### No. 15987.

District Court, D. Massachusetts.

Dec. 17, 1942.

Edmund J. Brandon, U. S. Atty., and William T. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Joseph Kruger, and John J. Walsh, both of Boston, Mass., for defendant.

HEALEY, District Judge.

The defendant was indicted for alleged violations of Section 4(a) of the Emergency Price Control Act of 1942, Public Law No. 421, 77th Congress, 50 U.S.C.A. Appendix § 904(a), hereinafter called the Act, and of Section 1364.51 of Maximum Price Regulation No. 169, hereinafter referred to as the Regulation, issued in pursuance of the Act. The defendant filed a demurrer and motion to quash, each of which was based on the following grounds:

1. The allegations of fact necessary to constitute a crime are insufficient, uncertain and are not set forth with precision and certainty.

2. The allegations in each and every count in the indictment failed to state that the alleged sales were wholesale.

3. All of the twelve counts in the indictment are duplicitous, in that each count charges the commission of more than one offense.

4. There is no allegation, in any of the twelve counts in the indictment, that Regulation 169 was approved as required by law.

5. There is no allegation in any of the twelve counts in the indictment that a warning was given, as required by law, before any criminal action was taken.

6. That each of the twelve counts in the indictment fail to describe the defendant properly and with sufficient particularity and certainty.

7. The said act, insofar as it creates offenses and imposes penalties, is in violation of the Constitution of the United States and an infringement of the rights of the defendant.

The defendant also filed a plea in abatement, pleading that each of the counts of the indictment fail to describe him properly and with sufficient particularity and certainty.

■ I do not believe that it is necessary to decide which, if any, of the defendant's pleadings properly raise the issues to be decided. See Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097. I am of the opinion that the questions presented may be adequately disposed of on the merits.

■ It is quite clear that the defendant is sufficiently and fairly apprised by the indictment of the charges against him, and that the necessary allegations of fact are sufficiently set forth with certainty and precision. See Cochran and Sayre v. United States, 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704. Consequently, it is unnecessary to dwell on the first ground of the demurrer and motion to quash.

■ The second ground may be summarily disposed of. Section 1364.51 of the Regulation forbids the sale or delivery of any "wholesale cut" at a price higher than the maximum price permitted by Section 1364.52 of the Regulation. It follows, therefore, that it is sufficient to allege the sale of "wholesale cuts", without alleging that the sale was wholesale.

■ The next ground relied upon by the defendant is that the various counts of the indictment are duplicitous. It is my opinion that none of the counts are duplicitous. The fact that the indictment alleges a violation of the Act and of a section of the Regulation does not render any count duplicitous, because only one violation is alleged, although it may be a violation both of the Act and of the Regulation. The defendant argued that it is not clear from the indictment whether or not each count alleged more than one sale violative of the Act and Regulation. It appears quite clear from a reading of each count, giving to the words contained therein their usual and ordinary meaning, that each count alleges only one sale. Furthermore, it is doubtful whether the question has been properly raised by demurrer or motion to quash. See Crain v. United States, supra. If there is any merit to the defendant's contention, it could be raised by a motion to compel the government to elect upon which violation it will proceed or a motion for severance. United States v. Werner, D. C., 247 F. 708.

■ The fourth ground presents a little more difficulty. Section 3(e) of the Act, 50 U.S.C.A.Appendix § 903(e), requires the approval of the Secretary of Agriculture before any action is taken with respect to any "agricultural commodity". However, it would seem that a "wholesale cut" is not an "agricultural commodity" within the meaning of Section 3(e), but rather is a "commodity processed * * * from" an "agricultural commodity" within the meaning of Section 3(c). If this is the correct construction and I believe it is, it follows that the provision of Section 3(e) is not applicable to "wholesale cuts". Any other interpretation would render Section 3(c) superfluous. Furthermore, if Congress intended that the approval of the Secretary of Agriculture be a requisite to action with respect to commodities processed from agricultural commodities, it could have so specified. It is significant that Congress does distinguish between agricultural commodities and commodities processed from agricultural commodities within Section 3, although in different subsections.

■ The fifth ground of defendant's demurrer and motion to quash states that there is no allegation in any of the counts of the indictment that a warning was given as required by law before criminal action was instituted. The defendant probably has in mind the provision of Section 205 (f) (2), 50 U.S.C.A.Appendix § 925(f) (2), requiring a formal warning before proceedings for suspension of a license. It is evident from a mere reading of Section 205(f) (2) that this warning is a prerequisite only to such proceedings for suspension.

■ The sixth ground of the defendant's demurrer and motion to quash is without merit. It is obvious that Count 1 properly describes the defendant. The

584

other counts expressly incorporate by reference the description and identification of the defendant contained in Count 1. See Crain v. United States, supra, at page 633 of 162 U.S., 16 S.Ct. 952, 40 L.Ed. 1097. Had the indictment, in the counts subsequent to Count 1, referred to the defendant as "the said Louis Charney", the case would fall squarely within the reasoning of Blitz v. United States, 153 U.S. 308, 316, 317, 14 S.Ct. 924, 38 L.Ed. 725. However, the subsequent counts refer to him merely as "the said defendant". While I am of the opinion that it is the better practice at least to name the defendant in each and every count of an indictment, failure to do so, if it be a defect, is merely one of form or technicality. United States v. Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404. Clearly, the defendant was apprised of the fact that he was the person meant by the words "the said defendant". Any such defect tends in no way to the prejudice of the defendant. 18 U.S.C.A. § 556, provides that in such circumstances no indictment shall be deemed insufficient nor shall any proceeding be affected by such a defect. 18 U.S.C.A. § 556.

The defendant's last contention is that the Act violates the Constitution of the United States. By Article I, § 8 of the Constitution, Congress is given power to declare war and to "make all Laws which shall be necessary and proper" for the execution of its war powers. These war powers carry with them the incidental powers necessary to the successful prosecution of the war. See Ruppert, Inc., v. Caffey, 251 U.S. 264, 40 S.Ct. 141, 64 L.Ed. 260. It is evident from the declared purpose of the Act that the powers granted therein are necessary for the successful prosecution of the war. This declaration of the purpose and necessity of the Act is entitled to considerable weight, and is supported by the terms of the Act. See Flint v. Stone Tracy Co., 220 U.S. 107, 144, 31 S.Ct. 342, 55 L.Ed. 389, Ann. Cas.1912B, 1312. Therefore, there can be no serious question of the constitutional validity of the Act.

Defendant's plea in abatement raises the same issue as does the sixth ground of his demurrer and motion to quash, and this issue has been adequately discussed.

The plea in abatement and demurrer are overruled.

The motion to quash is denied.