**UNITED STATES v. FRIEDMAN.**

**No. 6937.**

District Court, D. Connecticut.

March 25, 1943.

Robert P. Butler, U. S. Atty., and V. J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., for plaintiff.

Lazarus S. Heyman, of Danbury, Conn., for defendant.

HINCKS, District Judge.

The indictment herein charges the defendant with wilful violations of Section 4(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 904(a), and of the regulations promulgated under the authority of the Act, in that after the effective date (December 16, 1942) of Revised Maximum Price Regulation No. 169, the defendant, while engaged in the whole-

sale meat business, made sales of wholesale cuts of beef at prices in excess of the maximum prices fixed by said regulation. The defendant's motion to quash this indictment is now before the court.

The motion attacks the constitutionality of the Act itself only on the ground that it seeks to accomplish an unlawful delegation of legislative power. This contention is overruled. It is contrary to the great weight of authority. United States v. C. Thomas Stores, Inc., et al., D.C.Minn., 49 F.Supp. 111, Nordbye, D.J., February 26, 1943; United States v. Hark et al., D.C.Mass., 49 F.Supp. 95, Sweeney, D.J., March 5, 1943; United States v. Slobodkin, D.C.Mass., 48 F.Supp. 913, Wyzanski, D.J., March 2, 1943; Cf. Henderson v. Kimmel, D.C., 47 F.Supp. 635.

The motion attacks the indictment on the ground that it fails to show that the O. P. A. has certified the pertinent facts to the Attorney General of the United States and that the prosecution has been instituted at his official instance. Apparently it is the defendant's theory that under Section 205(b) of the Act, 50 U.S.C.A. Appendix, § 925(b), these steps, here apparently absent, are conditions precedent to a criminal prosecution under that section. The contention is palpably unsound, and for the reasons stated in United States v. Ganz, D.C., 48 F.Supp. 323, the contention is overruled.

The motion also attacks the validity of Revised Maximum Price Regulation No. 169, on various grounds. But this court is without jurisdiction to consider the validity of the regulation. The Act expressly provides in Section 204, 50 U.S.C. A.Appendix, § 924, that the Emergency Court of Appeals and the Supreme Court upon review, "shall have exclusive jurisdiction to determine the validity" of the regulations thereunder and that no other court "shall have jurisdiction or power to consider the validity" of such regulations. Since the motion does not purport to attack the validity of statutory provisions which create these jurisdictional dispositions and limitations, there is no occasion here to rule upon any inherent constitutional question. It is sufficient to overrule these paragraphs of the motion upon the simple and obvious ground that this court is without jurisdiction to consider and pass upon the validity of the regulation.

■ The defendant also asserts that prior to the offenses charged he had no notice of said Revised Maximum Price Regulation No. 169. But such an assertion, even if true, is not a ground upon which the indictment may be quashed.

■ The defendant also charges that each count of the indictment is fatally defective for duplicity in that each charges a violation of Section 4(a) of the Act and a violation of the regulation. This objection is plainly untenable. The regulations contain defined prohibitions: the Act applies penal sanctions to these prohibitions. The regulations are an essential and authorized supplement to the Act; together they constitute an integrated penal code. Necessarily the violation of a regulation will encounter the penal sanctions of the Act but the violation constitutes but a single penal offense. This objection also is overruled. United States v. Charney, U. S. District Court for the District of Massachusetts, Criminal No. 15,987, 50 F. Supp. 581, December 17, 1942.

■ The defendant further contends that the indictment is defective in that it purports to be laid upon Sections 1364.51 and 1364.52 of Maximum Price Regulation No. 169, which were revoked by Revised Maximum Price Regulation No. 169 on December 16, 1942. But the indictment expressly alleges the issuance of Revised Maximum Price Regulation No. 169, effective December 16th. The reference to the earlier regulations, since revoked, may therefore be treated as surplusage. Thus treated, enough remains to show that the indictment is laid upon and sufficiently supported by the revised regulation. Johnson v. Biddle, 8 Cir., 12 F.2d 366.

■ The defendant also objects that the indictment is duplicitous by reason of its reference to Regulation 1364.407 of Maximum Price Regulation No. 169. This regulation in its revised form contains requirements relating to the books and records of wholesale dealers. It is true that the indictment fails to allege facts showing any violation of this regulation. But the reference to this regulation also may be treated as surplusage. Indeed, its subject-matter is so foreign to the context of the indictment that its presence can only be explained as an inadvertence.

It is accordingly ordered that the motion be wholly denied.