**UNITED STATES v. SOSNOWITZ & LOTSTEIN, Inc., et al.**

**No. 6947.**

District Court, D. Connecticut.

March 25, 1943.

Robert P. Butler, U. S. Atty., and Valentine J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., for plaintiff.

Harold Widetzky, of Boston, Mass., and Michael Wofsey, of Stamford, Conn., for defendant.

HINCKS, District Judge.

The corporate defendant and its President, the individual defendant, are charged with violations of the Emergency Price Control Act of 1942 (E.P.C.A.), 56 Stat. 23, 50 U.S.C.A.Appendix, § 901 et seq., and the regulations issued pursuant thereto, by the sales of wholesale cuts of beef at prices in excess of the maximum prices fixed by said regulations. The defendants have filed a motion to quash the indictment, and a demurrer thereto, upon identical grounds.

The objection (demurrer, par. 16) that the Act is unconstitutional in that it purports to accomplish an unlawful delegation of legislative power is overruled on the authority of the cases cited to the point in my memorandum of even date in United States v. Friedman, D.C., 50 F. Supp. 584.

The objection (demurrer, par. 17) that the Act invades the police powers of the States contrary to the Fifth and Fourth Amendments of the Constitution, is overruled. The Act is amply supported by the war powers of Congress under Art. 1, § 8 of the Constitution. Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165; Henderson v. Kimmel, D.C., 47 F.Supp. 635.

The objection (demurrer, par. 19) that the Act deprives the defendants of

liberty and property without due process of law, is overruled. There is nothing in the Act which purports to preclude any court whose process is invoked for the enforcement of the Act from passing upon the basic constitutionality of the Act. Indeed, I have just above noted rulings sustaining the constitutionality of the Act against two specific attacks. And I now rule that although under the compulsion of criminal sanctions the Act subjects the defendants to the force of administrative regulations, it does not thereby deprive them of due process. This is so because, in sections 203 and 204, 50 U.S.C.A.Appendix, §§ 923 and 924, the Act itself provides an orderly procedure for review, both administrative and judicial, of administrative regulations which is open to any person directly affected.

Thus under Section 203, within sixty days after the effective date of a price schedule by the Administrator, any person subject thereto may file a protest with the Administrator, upon which he is entitled to a ruling within thirty days. If such protest is denied, the protestant, under section 924, may file his complaint with the Emergency Court of Appeals · which is vested with exclusive power to set aside the order complained of. And even after the initial, sixty-day, period of protest has expired, further protests may be filed if limited to "grounds arising after the expiration of such sixty days." The action of the Emergency Court is subject to review on certiorari by the Supreme Court, but its action in setting aside a price schedule does not become effective until its order is affirmed if appealed, or becomes final through the expiration of the time for appellate proceedings. Indeed, power is expressly withheld to stay a price schedule until its order invalidating the schedule shall become final. Meanwhile the prescribed price schedule remains in effect.

■ To be sure, this power of review is not located in the District Courts which are charged with the task of applying the criminal sanctions created by the Act. Instead, the judicial power of administrative review is entrusted only to the Emergency Court of Appeals which is created by the Act. But there is nothing inherently unconstitutional in such a division of jurisdiction.

Nor is such a division of jurisdiction wholly novel. As Judge Wyzanski, in passing on this point, pointed out in United States v. B. Rottenberg Co., U.S.D.C.Mass., 48 F.Supp. 913, neither a shipper nor a carrier may question the legality of a railroad rate subject to regulation under the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., until the reasonableness, and hence the validity, of the rate shall have first been determined by the Interstate Commerce Commission. To hold otherwise would seriously jeopardize the Congressional objective that rates should be uniform, and free from unjust discriminations. Texas & Pacific Ry. Co. v. Abilene, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, 9 Ann.Cas. 1075; Mitchell Coal Co. v. Pennsylvania R. Co., 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472. Thus a shipper charged by indictment with having received an unlawful rebate may not defend on the ground that the published, lawful rate was unreasonable and that the rebate served only to bring the rate into harmony with reason. United States v. Vacuum Oil Co., D.C., 158 F. 536.

To be sure, a citizen adversely affected by railroad rates prescribed by the Interstate Commerce Commission may not only apply to a court to have the rates set aside but he may, at least in a proper case, under the Urgent Deficiencies Act obtain a temporary stay thereof, thereby avoiding the impact of criminal sanctions while his challenge to the validity of the rates is in progress. 28 U.S.C.A. § 47. Merchants' Warehouse Co. v. United States, 283 U.S. 501, 51 S.Ct. 505, 75 L.Ed. 1227. This same safeguard was carried over into the Communications Act of 1934, § 402(a), 47 U.S.C.A. § 402(a), Scripps-Howard Radio v. F. C. C., 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229; and into the Packers and Stockyards Act of 1921, § 316, 7 U.S.C.A. § 217. See Inghram v. Union Stock Yards, 8 Cir., 64 F.2d 390; Tagg Bros. & Moorehead v. United States, 280 U.S. 420, 50 S.Ct. 220, 74 L.Ed. 524; Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Id., 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129 and United States v. Morgan, 307 U.S. 183, 59 S.Ct. 795, 83 L.Ed. 1211.

■ And this familiar and salutary technique of administrative review, doubtless due to the stress of present urgencies, has been discarded by the draftsmen of E. P. C. A. Jurisdiction to review the validity of a price schedule is expressly

withheld from the District Courts, even when constituted as provided by the Urgent Deficiencies Act, 28 U.S.C.A. § 47. And even the newly constituted Emergency Court of Appeals, it is provided, "shall not have power to issue any temporary restraining order or interlocutory decree staying or restraining, in whole or in part, the effectiveness" of a price schedule. 50 U.S.C.A.Appendix, § 924(c).

But this limitation upon the usual power of judicial review does not constitute a denial of due process. True it is that one who elects to violate may ·be convicted and sentenced for the violation of a schedule which may later be found to be invalid by the Emergency Court. Nevertheless, any person subject to the schedule may test its validity through the procedure provided, wholly without hazard of prosecution so long as he complies. The situation here is vitally different from that in Re Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann. Cas. 764, where apparently the challenged rate regulation could be tested only by a violation subject to drastic penalties.

■ After all, the concept of due process does not involve the notion that the citizen is entitled to a forthwith process or insurance against all incidental hardship pending the execution of a reasonably expeditious and adequate process. One charged with crime, even though presumed innocent, may be detained pending trial subject to the hardship of furnishing bail. A plaintiff plainly entitled to a large recovery must generally wait for a while pending the course of his litigation. Here are incidental hardships which the law has done its best to mitigate though powerless, from a practical standpoint, to eliminate. A plaintiff seeking under the Urgent Deficiencies Bill, 28 U.S.C.A. § 47, to set aside onerous schedules is not entitled to a stay *as of right*; at most he may invoke the discretion of the court. Merchants' Warehouse v. United States, supra. And in the opinion in Scripps-Howard Radio v. F. C. C., supra, it is implicit that the denial in E. P. C. A. of this discretionary power to stay to the Emergency Court of Appeals involved no conflict with the Constitution. The denial merely leaves those affected to bear the incidental hardship of temporary compliance. This is something less than a denial of due process.

To give all those affected immunity from prosecution or even a right to a stay pending the outcome of a test, would defeat the objective of an Act amply supported by the war powers of Congress. The operation of the Act is limited in point of time to June 30, 1944. "A limit in time, to tide over a passing trouble, well may justify a law that could not be upheld as a permanent change." Block v. Hirsh, 256 U.S. 135, at page 157, 41 S.Ct. 458, 460, 65 L.Ed. 865, 16 A.L.R. 165.

■■ In Paragraph 8 of the demurrer it is objected that the Revised Maximum Price Regulation No. 169 is too vague to constitute a proper definition of any criminal offense. I have no doubt that under the doctrine of United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516, 14 A.L.R. 1045, this court when called upon to apply criminal sanctions has power to determine whether the indictment before it is sufficiently definite in its charges; and if the indictment rests wholly upon a regulation as indefinite as the statute counted upon in the Cohen Grocery case, the court will sustain a demurrer to the indictment upon the ground that it is too indefinite to support criminal sanctions without invalidating the regulation involved. Cf. Levy Leasing Co. v. Siegel, 258 U.S. 242, 42 S.Ct. 289, 66 L.Ed. 595. But here I rule that no count of the indictment is void for vagueness, and overrule all objections on that score.

Numerous objections to the validity of the Revised Maximum Regulation No. 169 (demurrer, pars. 9, 10, 11, 12, 13, 14, 15 and 18) are overruled since involving subject-matter of which this court is without jurisdiction under § 204(d) of the Act, 50 U.S.C.A.Appendix, § 924(d).

■ The objections that the indictment is bad for duplicity are overruled on the grounds stated in my memorandum in United States v. Friedman, D.C., 50 F. Supp. 584, above referred to, and all other objections are without merit.

It is accordingly ordered:

1. That the motion to quash be denied, and

2. That the demurrer be overruled.