BROWN, Adm'r, Office of Price Administration, v. LINIAVSKI.

SAME v. A. JOHN BITTSON ENGINEERING CO.

SAME v. WORLD DISTRIBUTORS CORPORATION.

District Court, S. D. New York.
Dec. 13, 1943.

514

Mitchell Jelline, Chief Enforcement Atty., New York District Office, Office of Price Administration, of New York City (Herman Wolkinson, of New York City, of counsel), for plaintiff.

Parker & Duryee, of New York City (Barent Ten Eyck and Frederic A. Johnson, both of New York City, of counsel), for defendants.

CONGER, District Judge.

The plaintiff alleges in his complaint that, in his judgment as Price Administrator, the defendants are guilty of having violated Maximum Export Price Regulation, Revised Maximum Export Price Regulation, 2nd Revised Maximum Export Price Regulation, and Revised Price Schedule No. 49, hereinafter called the "Regulations."

The violations of the Regulations constitute violations of Section 4 (a) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 904 (a), hereinafter called the "Act", and this action is brought to enforce compliance with the above section, and for damages for a violation thereof.

Under the first count the plaintiff seeks an injunction enjoining the defendants from continuing to violate the Regulations, and under the second count recovery of three times the amount by which the prices the defendants received exceed the maximum prices is sought.

The defendants, before answer, move to dismiss the complaint on the grounds that the Regulations are invalid, since they are unauthorized by the Act, or if the Act is interpreted as authorizing the Regulations, then the Act interpreted in such manner is unconstitutional pro tanto.

Jurisdiction of the action is conferred upon the Court by Sec. 205 (c) of the Act, 50 U.S.C.A.Appendix § 925 (c).

Section 204 (d) of the Act, 50 U.S.C.A. Appendix § 924 (d), provides that: "* * * The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2, * * * of any price schedule effective in accordance with the provisions of section 206, * * * and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court; Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside,

in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order, or price schedule, or to restrain or enjoin the enforcement of any such provision."

■ In a well reasoned opinion, Judge Magruder held that Section 204 (d) is constitutional and that the District Court was correct in refusing to pass on the validity of the regulation in question in that case. Rottenberg v. United States, 1 Cir., 137 F.2d 850, 855, 857.

In the above case, the Court passes on practically every question raised by the defendants here as to the right of this Court to pass on the validity of a regulation of the Price Administrator. It will be unnecessary for me to elaborate on the arguments which are set forth in great detail therein.

■ I think one quotation, however, is very pertinent as to one of the questions raised here: " 'Of course, the courts in which criminal or civil enforcement proceedings are brought have jurisdiction, concurrently with the Emergency Court, to determine the constitutional validity of the statute itself.' It is thus clear that the limitations of § 204 (d) were intended to apply not only to injunction suits brought by a person affected by a regulation, but also to enforcement proceedings, both criminal and civil, brought under § 205. Any court in which criminal or civil enforcement proceedings are brought may determine the constitutional validity of the Act itself, but in such proceedings consideration of the validity of a regulation is precluded."

The purpose of Sec. 204 (d) is made clear by the following excerpt from the Senate Committee on Banking and Currency (Sen. Rep. No. 931, 77th Cong., 2d. Sess., p. 7): "The Emergency Court is established in order to avoid the confusion which would result from conflicting decisions in different circuits on the same regulations. It will also permit the expeditious consideration and disposition of problems arising under the statute by a court familiar with its provisions and operations." Price control virtually would cease to exist if there were conflicting decisions.

■ We must not try to delimit the meaning of words and find loop-holes in emergency statutes drawn in broad and general terms; rather, we must try to effectuate and give voice to the intent of the Congress.

See Brown v. Bernstein, D.C., 49 F. Supp. 728, 731 and 733. A narrow construction will negative the purpose for which the legislation was enacted.

There was left undecided in the Rottenberg case the question as to whether or not this court might not have the authority to pass on a regulation of the Price Administrator, which regulation, as a pure matter of law, was invalid on its face. The Court intimated no opinion on that question.

That issue is not here. I cannot say that the Regulations in question are invalid on their face unless one might conclude that they are invalid because they fix prices for the sale of commodities to be exported.

My opinion, however, is that any objection to the Regulations on the ground of invalidity is within the exclusive jurisdiction of the Emergency Court of Appeals. The language of the Act is explicit: "* * * Except as provided in this section, no court; Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule * * *."

There is no exception provided in the section, except the right given to the Emergency Court of Appeals.

I see no reason for making a distinction between the following types of invalidity:

a. That the Price Administrator acted arbitrarily or capriciously in promulgating a regulation.

b. That the Price Administrator had promulgated a regulation which the statute does not authorize him to fix.

c. That the Price Administrator had promulgated a regulation which regulation is based upon an interpretation of the act which may be said to be unconstitutional. In other words, a regulation invalid as being an unconstitutional attempt to exercise legislative power.

■ Each one of these of the above three objections to a regulation is an attack upon the validity of the regulation and under the plain terms of the Act may not be asserted in this Court, but are within the exclusive jurisdiction of the Emergency Court of Appeals.

Defendants do not raise the issue that the Act itself is unconstitutional. They do say that Congress never intended by this Act to permit the Price Administrator to make regulations concerning export prices and if it might be so interpreted then the Act to that extent is unconstitutional. The constitutionality of the Act has been upheld in many cases. It has also been held that nothing in the Act constitutes an unconstitutional delegation of power to the Price Administrator. Rottenberg v. United States, supra; United States v. Friedman, D.C., 50 F.Supp. 584; United States v. Charney, D.C., 50 F.Supp. 581; United States v. Sosnowitz & Lotstein, D. C., 50 F.Supp. 586; United States v. Hark, D.C., 49 F.Supp. 95; United States v. C. Thomas Stores, D.C., 49 F.Supp. 111.

The constitutionality of the Act is not the real question here, but what really is involved is whether or not the Administrator has gone beyond the Act in his price fixing so as to include regulations of exports; which question I hold this Court may not determine.

I therefore, may not pass on the question as to whether or not there is in the Act any basis for the regulation of export prices and whether or not there was any legislative intent in the Act to regulate export prices.

■ This Court, however, does have authority to pass on the constitutionality of the Act itself.

In the event that I decide that 204 (d) of the Act prevents this Court from the consideration of the validity of the regulation here in dispute, defendants then attack the unconstitutionality of the Act if it is interpreted to give the Administrator authority to fix the ceiling price of goods to be exported. I have so decided and, therefore, the only question left is to pass on the constitutionality of the Act in this respect. For this purpose we will assume that the Act does allow the Administrator to fix prices on the sale of goods to be exported. This will not require an extended discussion. The Act has been generally held constitutional. See cases heretofore cited. Is it rendered unconstitutional because it may be held to cover the price of goods sold in this country but not to be exported? I cannot conceive any such conclusion. The Act is drastic, and perhaps at another time would shock our sense of justice. At another time we might very well feel the Act to be an unlawful interference with property rights. However, this is a war measure. It is a valid exercise of the war power of the Congress as a part of the war time anti-inflation program. The cases I have cited as sustaining the constitutionality of the Act apply equally here. It is just as important to control the ceiling price of goods sold here to be exported as it is to control the ceiling price of domestic sales. It does not require much imagination to picture the disastrous effect of an unlimited ceiling for goods sold to be exported with a regulated ceiling in domestic sales. The whole plan would be thrown out of joint. I hold against defendants on this point.

The motion to dismiss the complaint is denied.

Defendants also moved in the event that the complaint is sustained for a more definite statement of certain allegations of the complaint. This was denied by me on the argument of the motion with the right to renew.

Defendants were to be given certain information at the office of plaintiff. If this was not forthcoming, I gave defendants the privilege of renewing this motion.

The motion is, in all other respects, denied.

Settle order on notice.