**BROWN, Administrator, Office of Price Administration, v. EL PASO IRON & METAL CO. et al.**

**No. 10708.**

Circuit Court of Appeals, Fifth Circuit.

April 14, 1944.

W. B. Harrell, Regional Litigation Atty., Office of Price Administration, of Dallas, Tex., David London, Chief Appellate Division, Office of Price Administration, of Washington, D. C., and Ben F. Foster, U. S. Atty., of San Antonio, Tex., for appellant.

Allen R. Grambling, of El Paso, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

This appeal presents the single question whether, as contended by appellant administrator, the grant of the injunction prayed was mandatory, upon the showing he made, that the defendants had, though innocently, engaged in acts or practices forbidden by the act[1] which constitute, or will constitute,

---

[1] Emergency Price Control Act of 1942, 50 U.S.Code Appendix § 925(a):

"Section 205(a). Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

"Section 4(a): It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for any person to sell or deliver any commodity, or in the course of trade or business to buy or receive any commodity, or to demand or receive any rent for any defense-area housing accommodations, or otherwise to do or omit to do any act, in violation of any regulation or order under Section 2, or of any price schedule effective in accordance with the provisions of section 206, or of any regulation, order, or requirement under section 202(b) or section 205(f), or to offer, solicit, attempt, or agree to do any of the foregoing." 50 U.S.C.A. Appendix § 904(a).

a violation of the act, or whether, as the defendants contended and the district judge held, the grant of the injunction was a matter of equitable cognizance to be granted or withheld within the sound discretion of the court. Appellant cited the majority opinion in Brown, Administrator, v. Hecht Co., App.D.C., 137 F.2d 689, in support of his contention, and insisted that we should follow that decision. Appellees denied this, and pointing out that a writ of certiorari had been granted insisted that not the majority but the dissenting opinion was the correct one. Of the opinion that the determination of that appeal would probably settle the question urged here, we took the cause under submission and awaited the Supreme Court's opinion in the Hecht case. It is now brought to our attention that on February 28, 1944, in Hecht Co. v. Bowles, 64 S.Ct. 587, the Supreme Court, holding as the district judge held below, 49 F.Supp. 528, that the granting or withholding of the injunction was for the district judge in the exercise of a sound and equitable discretion, reversed the judgment of the Circuit Court of Appeals. It affirmatively appears from the record in this case that the district judge used his discretion. It is not even claimed, it certainly is not shown, that he abused it. We find that he did not. On the authority of Hecht Co. v. Bowles, 64 S.Ct. 587, supra, the judgment appealed from is affirmed.