BOWLES, Adm'r, Office of Price Administration, v. SLEY SYSTEM GARAGES, Inc., et al.

Civ. A. No. 3665.

District Court, E. D. Pennsylvania.

June 20, 1944.

Nathan Kessler, Robert J. Callaghan, and William N. J. McGinniss, all of Philadelphia, Pa., for plaintiff.

David J. Smyth, Marshall A. Coyne, and Gustave F. Straub, all of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is an action for an injunction under Sec. 205(a) of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 925(a).

The case is as follows: The defendant corporation operates parking lots in the City of Philadelphia. In accordance with the regulations it filed base period records for highest charges obtaining during March 1942 at one of its lots, showing in substance that its charges for evening parking were 25¢ minimum, 35¢ Wednesday, Saturday and Sunday evenings and 50¢ during the first week of the showing of a new motion picture at a nearby theatre. Since January 1, 1944 the defendant during certain weeks in which there were no showings of first run motion pictures has charged 35¢ for every evening except Saturday and Sunday evenings, on which evenings it has charged 50¢.

Regulation No. 165, Sec. 1499.102 provides that the seller's maximum price for services in those cases to which the regulation is applicable shall be the highest price charged during March 1942 for the same service. The defendant contends that the highest price charged during March 1942 was 50¢ and that, although it was scheduled as having been charged for certain evenings only, it may, at the defendant's option, be charged on any or all evenings, the reason being that supplying parking space on one evening is the same service as supplying it on any other evening.

The defendant argues that this is the common sense meaning of the regulation but I cannot take that view of it. Actually, the defendant's position is a stand upon the literal meaning of detached words without regard to the scheme of the regulation in which they appear. Of course, parking on a Thursday when no picture is showing at the theatre is physically the same thing as parking on a Sunday when a new feature is being exhibited, and the highest price scheduled for parking in March 1942 was 50¢, but if the legislative purpose and the danger which the act was intended to guard against be given the slightest consideration, it seems to me that the "highest price" charged and scheduled by this defendant during March 1942 must be regarded as a composite covering a whole week and containing within itself price differentials, which, it may certainly be assumed, were calculated in accordance with variations in demand for parking space as determined by the particular day of the week or the increased attendance during the first week of a motion picture. So viewed, the defendant's charges exceed the maximum.

The regulations also provide "No seller shall evade any of the provisions of this Maximum Price Regulation No. 165, as amended, by changing his customary allowances, discounts, or other price differentials." I think that the change made in customary price differentials by the defendant corporation is a violation of the regulations.

The defendant cites Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, and contends that the Court in exercise of its equitable discretion should withhold this injunction. Conceding that the defendant in this case was acting in good faith and does not believe that it is violating the regulations, the distinction between its position and that of the defendant in the Hecht case is clear. In the latter violations brought to light were at once stopped and vigorous steps taken to see that they did not occur again. In the present case, the defendant maintains that his interpretation of the regulation is proper and proposes to continue with his present prices unless restrained.

I think that the defendant's practice in connection with the collection of the city tax does not violate the regulations.

An injunction may issue.

I find the facts as stipulated.

I conclude as a matter of law that the defendant has violated Regulation No. 165.