BOWLES, Adm'r, O. P. A., v. PENN-HAR-
RIS HOTEL CO. et al.

No. 1646.

District Court, M. D. Pennsylvania.

Jan. 17, 1945.

Charles Ware, of Harrisburg, Pa., for plaintiff.

McNees, Wallace & Nurick, of Harrisburg, Pa., for defendants.

JOHNSON, District Judge.

This is a proceeding instituted by the plaintiff to compel the defendants to comply with an order of the Area Rent Director of the Office of Price Administration fixing rates for the rental of rooms.

A temporary restraining order was issued by this Court in accordance with the prayer of the complaint filed. An appeal from the refusal of this court to dissolve that temporary restraining order was taken to the Circuit Court of Appeals wherein this court was sustained and defendants' petition for supersedeas and stay was refused. The temporary restraining order has been extended and is still in effect.

Two hearings have been held by this court at which testimony has been taken and arguments heard.

During the taking of testimony and arguments of counsel, as will appear by the transcript of testimony and the briefs of law filed, another motion was heard by this court. It was a motion to dismiss a com-

plaint filed by the above named defendants against Frank J. Shea, Area Rent Director, and Chester Bowles, Price Administrator, Office of Price Administration and entered on the dockets of this Court to civil No. 1576. It was considered advisable and expeditious to hold hearings on both motions at the same time as the issues in each action are identical.

As it will be necessary for this Court to issue orders in cases filed to other civil numbers, for the purpose of clarifying and simplifying the issue and procedure involved, a short history of the cases to be affected thereby becomes essential.

The first complaint filed was to civil No. 1477, 58 F.Supp. 436, wherein the same parties were named as plaintiff and defendants. The complaint alleged that the defendants had made overcharges for the rental of rooms above the rates allowed by the maximum rent regulations of the Office of Price Administration. The defendants, alleging that the complaint was insufficient, presented a motion for a bill of particulars. On that motion a hearing has been held and the motion will be denied by a separate order of Court filed herewith for reasons given herein.

The second complaint filed was to civil No. 1576, 58 F.Supp. 436, wherein as mentioned in the fourth paragraph hereof, the defendants in the first action filed appear as plaintiffs and the defendants are the Area Rent Director and the Price Administrator. The Hotel Company alleges in its complaint an order of the Area Rent Director requiring it to reduce its rates to a new level and requests this Court to enjoin the defendants from enforcing that order.

The third complaint filed in the present case, entered to civil No. 1646, wherein Chester Bowles, Administrator, Office of Price Administration, appears as plaintiff and the defendants named are Penn-Harris Hotel Company and Franklin Moore, managing director. This last complaint filed alleges noncompliance with the order of the Area Rent Director and prays this Court for an injunction and temporary restraining order. The temporary restraining order issued and as hereinabove states is now in effect.

The issue involved in each of the above mentioned actions is whether the Hotel Company and its managing director must comply with the regulations and orders of the Office of Price Administration. It fol-

lows that one action would have been sufficient to dispose of the matter now before this court and the relief sought by the subsequent filing of new complaints to new civil numbers could have and should have been obtained by petition and motion filed to the first civil number obtained. Appropriate orders of this court will be filed with this opinion for the purpose of clarifying and simplifying the procedure in the actions as brought.

A rule to show cause was granted, and at the time fixed for hearing thereon counsel for both parties produced testimony and argued in support of various contentions which will now be considered and disposed of in the same order in which they were presented.

█ The first contention of the defendants is that, while Section 2(a) and (b) of the Emergency Price Control Act of January 30, 1942, as amended, 30 U.S.C.A. Appendix, § 903(a, b), gives to the Administrator the right to issue orders of general applicability, the present order is not general but specific in its application to these defendants alone. This Court cannot, however, pass upon the question thus raised. Congress has erected a special tribunal for the determination of such matters, and has provided the procedure for review of such orders as the one here complained of. Section 203 of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 923, provides as follows: "At any time after the issuance of any regulation or order under section 2, * * * any person subject to any provision of such * * * order * * * may * * * file a protest specifically setting forth objections to any such provision .* * *." Section 204 (a), 50 U.S.C.A.Appendix, § 924(a), provides as follows: "Any person who is aggrieved by the denial or partial denial of his protest may, within thirty days after such denial, file a complaint with the Emergency Court of Appeals, created pursuant to subsection (c), specifying his objections and praying that the * * * order * * * protested be enjoined or set aside in whole or in part." Subsection (d) provides in part as follows: "The Emergency Court of Appeals, and the Supreme Court upon review of judgments and orders of the Emergency Court of Appeals, shall have exclusive jurisdiction to determine the validity of any regulations or order issued under section 2, of any price schedule effective in accordance with

434

the provisions of section 206, and of any provision of any such regulation, order, or price schedule. Except as provided in this section, no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation, order, or price schedule, or to stay, restrain, enjoin, or set aside, in whole or in part, any provision of this Act authorizing the issuance of such regulations or orders, or making effective any such price schedule, or any provision of any such regulation, order or price schedule, or to restrain or enjoin the enforcement of any such provision." It is thus apparent that the defendants must seek relief in accordance with the provisions of the Act above quoted.

At the argument after taking testimony it was developed that the defendants have filed a protest against the order about which they complain. They are thus revealed to be familiar with the terms of the act and to be asking this Court for additional relief. This court is powerless to grant it.

■ The second contention is that the Act specifically prohibits powers granted to the Administrator from being used or made to operate to compel changes in the business practices, cost practices or methods of any business. This contention is open to the same criticism to which the first contention is subject. The District Court has no jurisdiction in the subject matter and it has been so decided by the Circuit Court of Appeals for the Third Circuit. United States v. Pepper Bros., 3 Cir., 1944, 142 F.2d 340.

■ The third contention of the defendants is that they are denied equal protection of the laws and are subjected to a violation of the due process clause of the Constitution. This contention cannot be sustained. The defendants have argued that within the rental area in which they are located there are no comparable accommodations and thus they alone are made the subject of the Area Rent Director's order. It is true that the defendants alone are the subject of the order. Whether there are comparable accommodations in the same rental area is a debatable question. But neither matter supports defendants' contention. The defendants are not denied equal protection of the laws nor are they deprived of property without due process. The trouble is that they seek protection and due process in the wrong

tribunal. To this effect is Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641.

■ The fourth contention of the defendants is that they should be entitled in this court to a stay of enforcement of the Area Rent Director's order until the issue has been determined. As hereinbefore stated the defendants appealed from the order of this court refusing to dissolve the temporary restraining order then in effect and the petition of the defendants for supersedeas and stay was refused. Under the provisions of subsection (e) (2) of Section 204 of the Emergency Price Control Act a stay can be granted by this court only after judgment and then only upon application made within five days after judgment. In such a case as the one under consideration if the court should see fit to grant a stay it must nevertheless issue a temporary injunction or restraining order during the period of the stay. This court has refused to dissolve the temporary restraining order heretofore issued and having heard the issue involved now determines that no useful purpose can be served by granting a stay and then substituting a temporary injunction for the present temporary restraining order. It is better for the parties to the action to have the issue decided and to be placed, as soon as possible, in a position to pursue their proper remedies.

■ The fifth contention of the defendants is that if it be determined in this court that the Emergency Court of Appeals is the sole tribunal in which the merits of this case can be decided, then it must be found that the plaintiff must go to the Emergency Court of Appeals to secure enforcement of plaintiff's orders. The answer to this contention is to be found in that part of subsection (c) of Section 204, which provides: "The (Emergency Court of Appeals) shall have the powers of a district court with respect to the jurisdiction conferred on it by this Act; except that the (Emergency Court of Appeals) shall not have power to issue any temporary restraining order or interlocutory decree staying or restraining, in whole or in part, the effectiveness of any regulation or order issued under section 2 or any price schedule effective in accordance with the provisions of section 206."

■ The sixth and last contention of the defendants is that since it has been held in the case of Hecht Company v. Bowles, 321 U.S. 321, 64 S.Ct. 587, that a

District Court has discretion in the issuance of restraining orders and injunctions in cases involving violations of the Emergency Price Control Act, this court should refuse to issue an injunction as the District Court refused to do in the Hecht case. The difficulty with this contention is that in the Hecht case the defendant company was shown to have acted in the utmost good faith; violations brought to light were at once corrected and vigorous steps were at once taken to see that the violations did not occur again. In the instant case the defendants maintain that their interpretation of the regulation is the correct one and propose to continue with the present prices unless restrained. In their attitude in this respect the defendants herein are in a position comparable to that of the defendant in the case of Bowles v. Sley System Garages, D.C., 57 F.Supp. 149, in which the District Court of the Eastern District of Pennsylvania saw fit to issue an injunction.

The contentions of the defendants are therefor dismissed and those of the plaintiff are sustained.

The prayer contained in the petition of the defendants for consolidation of this action entered to civil No. 1646 with the actions brought to civil No. 1477 is granted and an appropriate order will be filed with this opinion and order to that effect.

As the consolidation of the actions mentioned in the paragraph above brings into the consolidated issues the last complaint filed to civil No. 1646, the motion of the defendants for a more specific complaint in civil action number 1477 should be dismissed. In any event the issue raised in the first complaint filed to civil No. 1477 has been made of no effect by the later order of the Area Rent Director and the later issue raised by reason of that order. The present opinion and order of this Court now undertakes to dispose of all the issues raised in the consolidated actions.

For the reasons hereinbefore set forth the motion of the plaintiff to dismiss the complaint filed to civil No. 1576, wherein the Penn-Harris Hotel Company seeks to enjoin the plaintiff herein from seeking injunctive relief in this court, is granted, and an appropriate order will be filed to that civil number dismissing the complaint.

And now it is ordered and decreed that the defendants, their officers, agents, servants, employees, and attorneys and all persons in active concert or participation with any of them jointly or severally be, and they hereby are, enjoined and restrained from:

Directly or indirectly demanding or receiving any rent higher than the maximum rents for the use and occupancy of any room or rooms in the hotel known as Penn-Harris Hotel, situated at Third and Walnut Streets, in the city of Harrisburg, Dauphin County, than those fixed by a certain order duly issued on September 29, 1944, by Frank J. Shea, Area Rent Director of the Harrisburg Defense-Rental Area, duly made and effected pursuant to Rent Regulation 54-A for Hotels and Rooming Houses in the Harrisburg Defense-Rental Area, as heretofore or hereafter amended; permitting or continuing to permit any acts, practices or omissions in violation of Rent Regulation 54-A for Hotels and Rooming Houses in the Harrisburg Defense-Rental Area, as heretofore or hereafter amended or any schedule, requirement or order relating to rents for hotels and rooming houses which now have been, or may hereafter be issued, by the Administrator of the Office of Price Administration pursuant to the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

And the defendants and each of them are hereby directed:

To post conspicuously with a sign or card, which shall thereafter be kept posted, plainly stating the correct maximum rent or rents for all terms of occupancy and for all numbers of occupants for every room in the hotel known as the Penn-Harris Hotel that is rented or offered for rent, as is required by section 7 of the Rent Regulation 54-A for Hotels and Rooming Houses in the Harrisburg Defense-Rental Area; to register, correctly, and properly where not covered by said order of September 29, 1944, at the Office of Price Administration as required by Section 7 of Rent Regulation 54-A for Hotels and Rooming Houses in the Harrisburg Defense-Rental Area, each room of said hotel known as the Penn-Harris Hotel; to keep, preserve and make available for examination by the Administrator records showing the rent received in the hotel known as the Penn-Harris Hotel for each room, the particular term and number of occupants for which such rents were charged, and the name and permanent address of each occupant, and to keep, preserve and make available for examination by the Adminis-

436

trator records of the same kind as customarily kept by the defendants relating to the rents received for rooms at the said hotel.