BOWLES, Adm'r, Office of Price Administration, v. MEYERS et al.

No. 5361.

Circuit Court of Appeals, Fourth Circuit.

May 11, 1945.

Albert M. Dreyer, Atty., Office of Price Administration, of Washington, D. C. (Thomas I. Emerson, Deputy Administrator for Enforcement, Fleming James, Jr., Director, Litigation Division, and Abraham Glasser, Special Appellate Attorney, all of Washington, D. C., Paul L. Ross, Regional Enforcement Executive, of New York City, and Francis Key Murray, Litigation Atty., of Baltimore, Md., on the brief), for appellant.

Edward A. Smith and Richard C. Cole, both of Baltimore, Md., for appellees.

Before PARKER, SOPER, and NORTHCOTT, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from an order of the District Court dismissing a suit brought by

the Administrator of the Office of Price Administration under section 205(a) of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix § 901 et seq., to restrain defendants, owners and operators of a hotel located within the Baltimore defense-rental area, from charging rentals in excess of those prescribed by an order issued by the area rent director.

Defendants are operating as an apartment hotel on Charles Street in Baltimore, Md., a building which was formerly operated as a rooming house. In 1942 the defendants acquired the property, which had been vacant for several months, and proceeded to repair and renovate it. None of the accommodations in the hotel were rented during the thirty days ending April 1, 1941 (the period ordinarily critical under the Emergency Price Control Act), but all were first rented after January 1, 1944. In January 1944 defendants registered with the O. P. A. a statement of the rents that they proposed to charge for the accommodations. There followed a controversy, not here material, between the defendants and the area rent director as to the classification of the property for rent regulation purposes, in which an order entered denying reclassification was revoked by the director. On July 20, 1944, the director notified defendants that reduction of the maximum rents which might be charged for the accommodations was contemplated and enclosed a proposed schedule of maximum rents making a reduction of approximately 50 per cent in the rents which defendants were charging. Ten days were allowed defendant to file objections and produce evidence, and this period was extended as a result of correspondence. Objections were filed by defendant; but the director on August 7, 1944, entered an order reducing the maximum rentals for the accommodations to conform to the proposed schedule, basing his action on the rent which he found to be generally prevailing in the rental area.

Defendants did not avail themselves of any of the remedies provided by the Emergency Price Control Act or the regulations issued thereunder. They did not ask review by the Regional Administrator, nor proceed by protest to the Administrator, as they might have done under secs. 1300.209 and 1300.216 of the regulations and thus lay the basis for review by the Emergency Court of Appeals under sec. 204(a) of the Emergency Price Control Act, 50 U.S.C.A.

Appendix § 924(a). They continued, however, to charge rentals in excess of those prescribed by the rent director's order; and the Administrator thereupon commenced this suit under sec. 205(a) of the Act, 50 U.S.C.A.Appendix § 925(a), to restrain the violation of law thus involved. The District Judge refused to grant the injunction and dismissed the suit on the ground that the Administrator had failed to establish that the rate schedule established by the order was reasonable.

■ It is perfectly clear, we think, that the trial judge was not authorized to substitute his judgment for that of the Administrator or deny enforcement to a valid rent regulation because of his views as to its unreasonableness. It is expressly provided in the Emergency Price Control Act that the Emergency Court of Appeals, or the Supreme Court on review of that court, shall have exclusive jurisdiction to determine the validity of any regulation or order issued under section 2 of the act; and the order here was issued under that section. As we said in Bowles v. American Brewery Co., 4 Cir., 146 F.2d 842, 844, where a regulation of the Administrator formed the basis of the relief asked:

"We are not here concerned with the validity of the price fixing regulation, the violation of which furnishes the basis of the suit. It is well settled that this is a matter within the exclusive jurisdiction of the Emergency Court of Appeals. See sec. 204(d) of Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix § 924(d); Yakus v. United States, 321 U.S. 414, 429, 64 S.Ct. 660, 669 et seq. [88 L.Ed. 834]. That court is given exclusive jurisdiction over questions as to the validity of price regulations, whether such validity be tested by constitutional requirement, by the grant of power in the statute under which they were adopted or by the modifications made in that grant of power by subsequent legislation. Cf. United States v. Pepper Bros., 3 Cir., 142 F.2d 340, 343. Whether the Administrator in promulgating a regulation has complied with statutory requirements is, of course, a question affecting the validity of the regulation, as to which exclusive jurisdiction is vested in the Emergency Court of Appeals. Rosensweig v. United States, 9 Cir., 144 F.2d 30."

■ Even in criminal prosecutions under the Act, invalidity of regulations cannot be considered by the courts as a defense,

442

Yakus v. United States 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; United States v. C. Thomas Stores, D.C., 49 F.Supp. 111; Rosensweig v. United States, 9 Cir., 144 F.2d 30, certiorari denied 65 S.Ct. 117; United States v. Slobodkin, D.C., 48 F.Supp. 913; United States v. Friedman, D.C., 50 F. Supp. 584; United States v..Sosnowitz & Lotstein, D.C., 50 F.Supp. 586.

■ And no different rule is applicable because the order of the Administrator here in question related to a single building and not to property generally within the area. Orders dealing with maximum rentals for housing accommodations cannot in the nature of things be of the uniform and general character of orders fixing maximum prices for commodities, and the statute and regulations recognize this fact. See sec. 2, subsections (b) and (c), 50 U.S.C.A.Appendix § 902(b) and (c), and Regulations 1388.-1231, secs. 4(g) and 5(c).[1] It is worthy of note that section 2(a), 50 U.S.C.A.Appendix § 902(a), which deals with maximum price of commodities, contains a provision that "the term 'regulation or order' means a regulation or order of general applicability and effect", whereas sec. 2(b) dealing with rents contains no such provision.

The validity of orders as well as the validity of regulations is placed within the exclusive jurisdiction of the Emergency Court of Appeals; and there is nothing in the statutory provision to exclude orders which apply to the rental of a single piece of property. This court has expressly held that even an exclusion order, which necessarily applies to a single individual, is but a specific application of the rationing policy embodied in the general rationing orders. Bowles v. Loveman 4 Cir., 147 F.2d 645, 647. And even as to these orders, it is well settled that the courts may not substitute their judgment for that of the Administrator. See Carter v. Bowles, D.C., 56 F.Supp. 278, 281 and cases there cited.

Directly in point, we think, is the decision in Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. Injunction in that case was sought under sec. 205(a) of the act, to restrain violation of rent orders entered under the act as well as to restrain a state court from interfering with enforcement of the orders. There, as here, orders decreasing the rent on specific housing accommodations were involved and were relied on as a basis for the injunction asked. See 321 U.S. 503 at pages 509, 510, 64 S.Ct. 641, 88 L.Ed. 892. In addition to questions as to the constitutionality of the rent control provisions of the act and

[1] Pertinent provisions of sec. 2(b) are as follows: "The Administrator may by regulation or order establish such maximum rent or maximum rents for such accommodations as in his judgment will be generally fair and equitable and will effectuate the purposes of this Act. So far as practicable, in establishing *any maximum rent for any defense-area housing accommodations*, the Administrator shall ascertain and give due consideration to the rents prevailing for *such accommodations*, or comparable accommodations, on or about April 1, 1941 * * *." (Italics supplied.)

The pertinent portion of sec. 2(c) is as follows: "(c) Any regulation or order under this section may be established in such form and manner, *may contain such classifications and differentiations, and may provide for such adjustments and reasonable exceptions*, as in the judgment of the Administrator are necessary or proper in order to effectuate the purposes of this Act. Under regulations to be prescribed by the Administrator, he shall provide for the making of *individual adjustments in those classes of cases where the rent on the maximum rent date for any housing accommodations is, due to peculiar circumstances*, substantially higher or lower than the rents generally prevailing in the defense-rental area for comparable housing accommodations, and in those classes of cases where substantial hardship has resulted since the maximum rent date from a substantial and unavoidable increase in property taxes or operating costs. * * *" (Italics supplied.)

Regulation 1388.1231 sec. 4(g) is as follows: "(g) Rent fixed by order of Administrator. For a room for a particular term or number of occupants for which no maximum rent has been established under any other provision of this regulation, the rent fixed by order of the Administrator as provided in this paragraph (g). The Administrator at any time on his own initiative or on petition of the landlord may enter *an order fixing the maximum rent* and specifying the minimum services *for a room* for a particular term or number of occupants for which no maximum rent has been established prior to issuance of the order under any other provision of this regulation. Such maximum rent shall be fixed on the basis of the rent generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date." (Italics supplied.)

the power to enjoin action of a state court, objections were raised with respect to the orders. As to these the Supreme Court said (321 U.S. 521, 64 S.Ct. 650, 88 L.Ed. 892): "Other objections are raised concerning the regulations or orders fixing the rents. But these may be considered only by the Emergency Court of Appeals on the review provided by § 204. Yakus v. United States, supra."

See also Bowles v. Lake Lucerne Plaza, Inc., 5 Cir., 148 F.2d 967; Hillcrest Terrace Corporation v. Brown, Em. App., 137 F.2d 663, 668; Bowles v. Penn-Harris Hotel Co., D.C., 58 F.Supp. 432.

 We do not think that the judge below was justified in refusing to grant injunction enforcing the order as prayed because he was not satisfied that the requirements of the statute had been complied with. This was a matter going to the validity of the order, which, as we have seen, was one of which the Emergency Court of Appeals was vested with exclusive jurisdiction. Bowles v. American Brewery, supra; Rosensweig v. United States, 9 Cir., 144 F.2d 30. As the defendants did not see fit to test before that court the validity of the order, other courts were bound to assume that it was in all respects valid. And if it was assumed to be valid, there was nothing in the record upon which discretion in denying the injunction could be based and it should have been issued. 50 U.S.C.A.Appendix § 925(a). Bowles v. Sisk 4 Cir. 144 F.2d 163, 165; Bowles v. Simon 7 Cir. 145 F.2d 334; Bowles v. Nu Way Laundry Co., 10 Cir., 144 F.2d 741, 746.[2] As was well said by Judge Murrah in the case last cited:

"In arriving at its conclusion, we think the learned trial court confused the legal and equitable questions involved. Whether the appellee violated any of the applicable price regulations is a legal question which the court must decide upon facts presented, and equitable considerations do not enter into that equation. It is of course the province and the duty of the court to determine for itself whether the party sought to be enjoined under Section 205(a) is within the coverage of the Act or Regulation, but in the determination of that question it is not competent for the court to consider the fairness or the equity of any regu-

lation or price schedule established thereby. Such considerations are not within the scope of inquiry committed to the trial court by Section 205(a), under which jurisdiction has been invoked. Any equitable jurisdiction to test the validity of a regulation or the fairness of a price schedule, established thereby, is exclusively committed to a single court created by the Act (Section 204(c) and specifically authorized, subject to review by the Supreme Court, to adjudge the validity of any regulation, order or price schedule, and to set aside or annul the same. Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660 [88 L.Ed. 834]; Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641 [88 L.Ed. 892]."

Defendant relies upon a line of authorities, of which Hecht v. Bowles 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 is typical, in which denial of injunction has been held to be within the court's discretion where defendants have attempted in good faith to comply with regulations, and injunction under the circumstances may fairly be thought not to be a necessary or proper means of enforcing them. Thus in Hecht v. Bowles, the Supreme Court stated that there was no doubt of defendant's good faith and diligence in attempting to comply with the regulations and defendant pleaded that any failure or neglect to comply was involuntary and was corrected as soon as discovered. In Brown v. O'Connor, D.C., 49 F.Supp. 973, affirmed 5 Cir. 141 F.2d 1019, the defendants raised rents after spending large sums on necessary repairs and failed to ask an adjustment of the rents. The court dismissed the suit without prejudice to the right of the Administrator to bring it again and without prejudice to the right of defendants to apply for an adjustment of rents. In Bowles v. Sue's Shop, D.C., 53 F.Supp. 824, where there was an honest dispute as to what regulation was applicable to defendants, the court refused to grant a preliminary injunction until a hearing could be had on the merits. In Brown v. Southwest Hotels, D.C., 50 F.Supp. 147, the defendants acted in good faith and made earnest attempts to comply with the act, but some violations had nevertheless occurred. The court issued an order requiring the filing of supplemental reports, but refused to grant an injunction on

---

2 The decision in Brown v. Wyatt Food Stores, D.C., 49 F.Supp. 538, relied on by the judge below, is to the contrary, but it was decided prior to the decisions of the Supreme Court in the Yakus and Willingham cases.

the ground that compliance to the fullest extent humanly possible was the most an injunction could secure and defendants were already doing all they could. See also Brown v. El Paso Iron & Metal Co. 5 Cir. 141 F.2d 938, affirming, on authority of Hecht Co. v. Bowles, an order denying an injunction where it was shown that the judge below had exercised his discretion and the acts and practices forbidden by the act had been innocently engaged in.

The principle upon which the foregoing cases were decided has no application here, where defendants have made no attempt to comply with the order but have acted, and are continuing to act, in defiance of its provisions under claim that the director in making it has not complied with the provisions of the statute. Equitable considerations arising out of an attempt to comply with regulations might well convince a court that injunctive relief ought not be granted; but a refusal to obey regulations because they are thought to be invalid by one who does not adopt any of the means open to him of testing their validity falls within an entirely different category. Bowles v. Nu Way Laundry Co. supra.

The decision will be reversed and the cause will be remanded with direction to grant the injunction prayed.

Reversed and remanded with direction.