**PORTER, Adm'r, OPA, v. GARRITY.**

No. 4980.

District Court, E. D. Pennsylvania.

April 30, 1946.

Robert J. Callaghan, Dist. Enforcement Atty., OPA, Walter N. Moldawer, Chief, Food Enforcement Section, OPA, and Albert C. Osofsky, Enforcement Atty., OPA, all of Philadelphia, Pa., for plaintiff.

Samuel Weinrott, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The Administrator of the Office of Price Administration charges the defendant herein with engaging in acts and practices in violation of Section 301(2a) of the Second War Powers Act of 1942, 56 Stat. 176, as amended, 50 U.S.C.A.Appendix, § 633 in that the defendant has violated Section 1364.415 of Revised Maximum Price Regulation No. 169 (7 F.R. 10381) as amended, and Section 1364.168 of Revised Maximum Price Regulation No. 239 (7 F.R. 10688) as amended. Therefore, pursuant to Section 301(2a) (6) of that Act, the Administrator brought this action to enforce compliance.

The defendant, on November 13, 1945, filed an "Answer Raising Questions of Law", which, by stipulation filed on April 23, 1946, is to be treated as a motion to dismiss the amended complaint. The motion is based on two arguments: that the Administrator of the Office of Price Administration is without power or jurisdiction to promulgate the Sections of the Regulations which the defendant is alleged to have violated, and that the Sections are arbitrary and unreasonable.

Section 1364.415(a) of RMPR No. 169[1] as amended, provides, inter alia, that "no hotel supply house, packing or slaughtering plant, packer's branch house, wholesaler's or other seller's establishment, shall sell or deliver to purveyors of meals other than contract schools, during any three month quota period beginning March 1, June 1, September 1, or December 1, a total volume by weight of fabricated meat cuts and/or ground beef and miscellaneous beef items and/or boneless and miscellaneous veal cuts in excess of 90 percent of the total volume by weight of beef, veal, lamb and mutton, not including canned meats of any kind, and/or sausage and similar products thereof, sold or delivered by such selling establishments from September 15 through December 15, 1942, to purveyors of meals * * *" unless he shall obtain an order from the Office of Price Administration authorizing a different quota.

It is the defendant's contention that the sections in controversy are contrary to Section 205(f) (1) of the Emergency Price Control Act of 1942, 56 Stat. 33, as amended, 50 U.S.C.A.Appendix, § 925(f) (1), which provides, inter alia, that in any case in which a license is required of any person by the Administrator, that officer is without power to deny a license to sell a commodity unless the person has had a license which has been suspended or revoked.

■ If the sections of the Regulations involved here, however, are pricing regulations, as the defendant maintains, then it is settled by this time that this Court is without jurisdiction to consider their validity, for the determination of that question has been relegated exclusively to the Emergency Court of Appeals. Section 204(d), Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 924(d). Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Bowles v. Meyers, 4 Cir., 1945, 149 F.2d 440. Accordingly, there is for this Court to determine, only, whether there has been a violation, and whether, in the exercise of its discretion, the relief prayed for should be granted.

However, the sections in controversy were not promulgated pursuant to Section 2 of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 902, but pursuant to delegated powers derived from Section 301, Title III of the Second War Powers Act of 1942, as amended, 50 U.S.C.A.Appendix, § 633(2) (a) (2).[2] This is a patent observation in view of the recitation of authority in Section 1364.415(e) of RMPR No. 169 and Section 1364.168(e)[3] of RMPR No. 239.

■ Since the Second War Powers Act does not contain a provision delimiting the jurisdiction of this Court, as does the Emergency Price Control Act, it follows that the validity of regulations promulgated pursuant thereto may be inquired into here. On this score, it may be noted that in the case of Oswald & Hess Co. v. Bowles, 1944, 148 F.2d 543, the Emergency Court of Appeals expressly refused to rule on the validity of Section 1364.415(a)

---

[1] Section 1364.168(a) of RMPR No. 239, insofar as the provisions allegedly violated are concerned, is similar, except that RMPR No. 169 pertains to Beef and Veal while RMPR No. 239 pertains to Lamb and Mutton.

[2] This provides that, "* * * Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material or of any facilities for defense or for private account or for export, the President may allocate such material or facilities in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense."

[3] The two sections are similar; Section 1364.415(e), as amended, of RMPR No. 169, states "This section is issued under the authority vested in the Administrator by Executive Order No. 9125, issued by the President on April 7, 1942; Directive No. 1 and Supplementary Directive No. 1—M of the War Production Board, issued on January 24, 1942, and September 12, 1942, respectively; Executive Order No. 9280, issued by the President on December 5, 1942, 50 U.S.C.A.Appendix, § 601 note; and Food Directives No. 1, No. 3, No. 5, No. 6 and No. 7 issued by the Secretary of Agriculture."

of RMPR No. 169, stating, 148 F.2d at page 546, that that section " * * * was promulgated by the Administrator pursuant to delegated authority derived from the Second War Powers Act, 50 U.S.C.A. Appendix, § 631 et seq., and not under the authority conferred upon the Administrator by the Emergency Price Control Act. *The jurisdiction of this court is limited to review of regulations or orders issued under § 2 of the Emergency Price Control Act, 56 Stat. 31, 50 U.S.C.A.Appendix, § 902.*" (Emphasis supplied.)

The defendant contends that the sections in controversy are price controls and, because of that fact, are invalid if adopted pursuant to the Second War Powers Act; also, it is contended, they are invalid under the Emergency Price Control Act, as before stated, if promulgated thereunder.

There can be no question that these Sections were adopted pursuant to the former Act.[4] Moreover, a mere reading of the two Sections leaves no doubt that they do not relate to price, but rather to allocation and rationing of scarce materials. This conclusion is fortified by the Statement of Considerations accompanying the Regulations.[5]

While the sections in controversy are effective in conjunction with other provisions of the regulations, which together accomplish the ultimate aims of the Administrator to control price and flow of meat, I think it clear that the purpose in adopting these particular provisions was to control and direct the admittedly limited supply of meat into the proper channels. Thus, these two sections effectively forestall the inevitable channeling off of meat supplies into a single avenue of utility merely because of the economic advantages attendant thereto, and insures an equality of distribution among all users.

The fact that these allocation controls were included in regulations containing price and other controls, does not alter their character, nor require that they be considered as price controls, and subject to the laws applicable thereto, especially, where, as here, their source is stated and their purpose is evident. Consequently, it is not a valid defense that Section 1364.-415(a) of RMPR No. 169 and Section 1364.168(a) of RMPR No. 239 are not in accordance with the provisions of the Emergency Price Control Act.

The authority of the Administrator to effect allocation and rationing, in my opinion, is unassailable. The constitutionality of the Second War Powers Act has been sustained. O'Neal v. United States, 6 Cir., 140 F.2d 908, certiorari denied 322 U.S. 729, 64 S.Ct. 945, 88 L.Ed. 1565; Carter v. Bowles, D.C.W.D.N.C.1944, 56 F.Supp. 278, decision by a court constituted pursuant to 50 Stat. 752, 28 U.S.C.A. § 380a. The chain of delegated powers is forged of sound links.

Nevertheless, the defendant further asserts that the Regulations, insofar as they are sought to be applied here, are arbitrary and capricious. However, as to this issue, it is preferable, in fairness to the parties, to defer determination until certain facts are established, or at least until the responsive pleadings have been made. A determination of the instant question when the specific facts, particularly the date on which the defendant commenced business, are settled or agreed upon would avoid delay in the ultimate disposition of the case.

Accordingly, the motion to dismiss the complaint will be denied at this time and an order may be entered pursuant hereto. Leave is granted to the defendant to file an answer within ten days.

---

4 See footnote 3, ante.

5 Statement of Considerations accoming Amendment No. 12 to RMPR No. 169; see 3 OPA Food Desk Book (Pike and Fischer) p. 46,488. Statement of Considerations accompanying Amendment No. 7 to RMPR No. 239 expresses conformity with that amendment; see 3 OPA Food Desk Book, p. 46,699.