**18**

## WOODS v. SUNNY BROOK EQUITIES, Inc., et al.

District Court, S. D. New York.
Dec. 13, 1947.

Sylvan D. Freeman, of New York City (John E. McCracken, of New York City, of counsel), for plaintiff.

Joseph H. Sand, of New York City, for defendants.

RYAN, District Judge.

Plaintiff seeks a temporary injunction restraining defendants from collecting in excess of the maximum rent set by the Area Rent Director for garage space in defendants' apartments.

Defendants have not availed themselves of administrative remedy of appeal, 50 U. S.C.A.Appendix, § 924.

█ This Court deems Bowles v. Meyers, 4 Cir., 149 F.2d 440, applicable to the facts presented here. There, the owner of a hotel ignored the Area Rent Director's maximum rent order and failed to appeal. On a motion to restrain him, he sought to challenge the Director's findings. The Court at page 443 said, "As the defendants did not see fit to test before that court the validity of the order, other courts were bound to assume that it was in all respects valid. And if it was assumed to be valid, there was nothing in the record upon which discretion in denying the injunction could be based and it should have been issued." See Sec. 204(d) of Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix, § 924(d) ; Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834.

The order of the Area Rent Director cannot be questioned in this proceeding.

█ Plaintiff did not ask, however, for the relief now sought for nearly nine months after the commencement of this action. The delay in applying for the injunctive relief does not affect the validity of the order, nor the Director's unquestionable right to relief now. To deny such relief would in effect give defendant sanction to continue ignoring the Area Rent Director's order.

The motion is granted.

Settle order on notice.