## WOODS v. DYER & CO., Inc.
### Civ. No. 4247.

District Court, D. Massachusetts.
Jan. 23, 1948.

420

Edmund M. Sweeney, of Boston, Mass., for plaintiff.

John J. Grady, of Boston, Mass. for defendant.

HEALEY, District Judge.

This matter came on for hearing on the plaintiff's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The parties have filed a stipulation of facts including the amount of damages to be assessed against the defendant if the plaintiff prevails. This stipulation of facts is hereby incorporated by reference into this memorandum as my findings of fact.

Since there is no genuine issue of fact, the motion for summary judgment is properly before the court for decision.

The defendant points out that this action is brought on the law side of the court under Section 205(e), instead of under Section 205(a), 50 U.S.C.A. Appendix, § 925(a, e), which provides for equitable relief. It, therefore, contends that the question as to the plaintiff's right to recover is not governed by Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, which affirms the court's jurisdiction in equity under Section 205(a) to order restitution in a case like the present one.

The defendant does not attempt to attack the validity of the rent regulation or the order by which the Administrator reduced the rent, but it does attack the validity of the Administrator's statement contained in the order that "retention of such excess will be construed to be the collection of rent in excess of the legal maximum."

Counsel for defendant contends that the Administrator is without power to create an overcharge, as that term is defined in Sec. 205(e) of the Act, by labeling some act as an "overcharge" which is basically not an overcharge as defined in that section.

He then quotes Section 205 (e) and points out that Congress has defined an overcharge as a payment or receipt of rent. He argues that no payment or receipt of rent was made at the time this alleged cause of action arose, and that the Administrator has not, in effect, based his action on any overcharge, but on the defendant's failure to comply with the order to reimburse the tenant. Thus he claims that the Administrator has no cause of action here, since the statute plainly limits the cause of action created therein to a violation which arises "on account of the overcharge", and does not create a cause of action for a violation of some order issued by the Administrator.

He further contends that Section 4(e) of the Rent Regulation for Housing provides that for accommodations which were not rented at the effective date thereof, the maximum rent shall be the first rent for such accommodations, and that, since the first rent for the accommodations in issue here was $100, there never was an overcharge.

The pertinent parts of Sec. 205(e) are as follows: "If any person selling a commodity violates a * * * order * * * prescribing a maximum price * * * the person who buys such commodity * * * may, within one year from the date of the occurrence of the violation * * * bring an action against the seller on account of the overcharge. * * * For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. * * * If any person * * * violates a * * order * * * prescribing a maximum price * * * and the buyer either fails to institute an action under this subsection

within thirty days from the date of the occurrence of the violation * * * the Administrator may institute such action on behalf of the United States."

It is to be noted that this section of the statute creates a cause of action where a person selling a commodity (or receiving rent) violates an order prescribing a maximum price. Here the Administrator issued an order which, in part, required the defendant to reimburse the tenant in the amount of $25 per month for the period of the rental, including the months prior to the date of the order. Since the validity of that order cannot be questioned here—Bowles v. Meyers, 4 Cir., 149 F.2d 440; Creedon v. Babcock, 4 Cir., 163 F.2d 480—, we must assume that beginning with the start of the rental period, the maximum rental price, as determined by said order, was $75 per month and that, the moneys previously collected in excess of that monthly rent became an overcharge, unless they were refunded to the tenant within 30 days of the date of the order. Thus, the failure of the defendant to conform to the order to reimburse the tenant constituted the violation of an order prescribing a maximum price.

It has been decided that "violation is used to indicate the point from which the statute [of limitations] begins to run, whereas overcharge indicates the basis of, and the yardstick for, damages." Creedon v. Babcock, 4 Cir., 163 F.2d 480, 483. Thus, when the Administrator determined that the maximum legal rent for the premises was $75 per month from the date of the rental (an order which we must take as valid), the receipt of $100 per month by the defendant for any month, was constituted an overcharge of $25 per month, not by the Administrator's act, but by the terms of the statute.

Since the Administrator allowed the defendant 30 days in which to comply with its order for reimbursement, there was no violation of any order prescribing a maximum rental price until the expiration of that time. However, on the thirty-first day, the retention of the money in excess of $75 per month by the defendant was, in effect, the receipt of money, previously collected and conditionally held, to which the defendant was not legally entitled, in violation of a regulation, which we must assume to be valid, giving the Administrator the right to make retroactive orders regarding maximum prices.

The defendant has, therefore, violated an order prescribing a maximum price by not reimbursing the tenant within the 30 day period as prescribed by the order, which amounts to a violation under the terms of Section 205(e) of the Emergency Price Control Act of 1942, as amended. Since the tenant did not bring suit within the time prescribed by the statute, the Administrator was acting within his rights in so doing.

Consequently, judgment will be ordered for the plaintiff in the amount of $275 single damages, as stipulated by the parties.